UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TED'S OF FAYVILLE, INC.  )<br><br>*Plaintiff,*  )<br>v.  )<br><br>AMEKOUSSE KOFFI,  )<br>WOSUFIA TRANSPORTATION, LLC,  )<br>C.H. ROBINSON COMPANY, INC., and  )<br>C.H. ROBINSON WORLDWIDE, INC.,  )<br><br>*Defendant.*  )<br>) | Civil Action No. |

## NOTICE OF REMOVAL

**TO:**   The Honorable Judges of the United States District Court for the District of Massachusetts:

1.    **Introduction**.  Defendants C.H. Robinson Worldwide, Inc. and C.H. Robinson Company, Inc. (collectively, "CHR")[1] file this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446, and in support state as follows.

Defendants CHR respectfully show they are two of the named defendants in the above-entitled civil action commended by the Plaintiff, Ted's of Fayville, Inc. ("Ted's" or the "Plaintiff"), on June 7, 2019 and now pending in the Worcester Superior Court Department, Civil Action No. 1985CV00837, Worcester County, Massachusetts (the "Civil Action").  Copies of the Summons and Complaint in the Civil Action, attached hereto as **Exhibit 1,** were served on CHR on June 19, 2019.  Upon information and belief, no further proceedings have been had in the Civil Action and the time of Defendant CHR within which to file a notice of removal has not expired.

---

[1] C.H. Robinson Company, Inc. is an operational subsidiary of C.H. Robinson Worldwide, Inc. and is registered with the Federal Motor Carrier Safety Administration as a transportation broker under US DOT No. 2226453; broker license No. MC-384859, with C.H. Robinson Worldwide, Inc. as a "d/b/a."   C.H. Robinson Company, Inc. and C.H. Robinson Worldwide, Inc. are treated as a single defendant, "CHR," for purposes of this Notice of Removal.

In the Civil Action Plaintiff Ted's seeks to recover $223,648.54 in alleged recovery damages, *Complaint*, ¶ 54, plus continuing storage damages, *Complaint*, ¶¶ 55 and 56, from the defendants, including CHR, under several theories including, *inter alia*, claims for unjust enrichment, quantum meruit, breach of contract, breach of covenant of good faith and fair dealing, and violations of M.G.L. c. 93A. Plaintiff's claims arise from certain tractor-trailer recovery services Plaintiff allegedly performed in July 2016 following an accident involving a commercial tractor-trailer vehicle owned by defendant Wosufia Transportation, LLC ("Wosufia") and operated by its driver, defendant Amekousse Koffi ("Koffi") that crashed in Millbury, Massachusetts while transporting a shipment of paper. *Id.* at ¶ 9. Plaintiff alleges "the tractor . . . was owned by Cresco Capital, Inc.,"[2] *Id.* at ¶ 14, and that "the trailer . . . was owned by Big Rig Trucks & Trailers, LLC."[3] *Id.* at ¶ 15.

Plaintiff Ted's further alleges the accident involving the tractor-trailer vehicle in this case was being driven by defendant Koffi, *Complaint*, ¶ 10, as "the driver and principal of [defendant] Wosufia." *Id.* at ¶ 10. Ted's further alleges "Wosufia's USDOT, # 2441242 [is] (*sic*) inactive," *Id.* at ¶ 12, and that "Wosufia was operating under CH Robinson's USDOT number, # 2226453" at the time of the accident. *Id.* at ¶ 13. Ted's further alleges that the accident of July 25, 2016 "was the result of the negligence of Koffi and / or Wosufia." *Id.* at ¶ 17.

Plaintiff Ted's further alleges it provided towing and recovery services on the tractor and trailer at the accident scene and "issued an invoice to Defendants" for its services. *Complaint*, ¶¶ 18-45. After allowing for partial payments it received from Cresco Capital and Commercial Truck Claims Management and for scrap of the trailer, Ted's claims it is still owed $223,648.54, plus

---

[2] Cresco Capital, Inc. is not a defendant in this case.
[3] Big Rig Trucks & Trailers, LLC also is not a defendant in this case.

14449996.1

continuing storage charges of $67.41 per day for storage of the cargo and $140 per day for storage of Big Rig's trailer. *Id.* at ¶¶ 51-56.

## 2. <u>Jurisdiction - 28 U.S.C. § 1332(a).</u>

Based on the allegations in Ted's Complaint, the Civil Action may be removed to this Court by Defendant CHR pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). That statute, as relevant, provides as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) Citizens of different States;

**a)** <u>Diversity of citizenship:</u> The parties in this case are citizens of different states and meet the diversity criteria of 28 U.S.C. § 1332(a), as follows:

- Plaintiff Ted's is a resident of Southborough, Massachusetts. *Complaint,* ¶ 1.

- Defendant Koffi, an individual, is a resident of Hampton, Georgia. *Complaint*, ¶ 2.

- Defendant Wosufia is a Georgia corporation whose agent, defendant Koffi, has a place of business at Lawrenceville, Georgia. *Complaint*, ¶ 3.

- Defendant CHR is a Minnesota corporation with a principal place of business in Roseville, Minnesota. *Complaint,* ¶ 4.

**b)** <u>Amount in controversy</u>: The amount of damages Plaintiff seeks in the Civil Action is at least $223,648.54. *Complaint*, ¶ 54. Hence, the amount in controversy in this Civil Action exceeds the minimum sum or value of $75,000, exclusive of interest and costs, required for diversity jurisdiction under 28 U.S.C. § 1332(a).

14449996.1

Title 28, United States Code, § 1446(c) (2), as relevant here, provides as follows:

> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

Under the circumstances, based on the allegations in the Complaint, Defendant CHR respectfully shows that the amount in controversy herein exceeds the $75,000 minimum threshold prescribed by 28 U.S.C. § 1332(a) and that the parties are citizens of different states for purposes of federal diversity jurisdiction and removal. The Civil Action is therefore removable pursuant to 28 U.S.C. §§1332(a), 1441(b) and 1446(c) (2) (B).

### 3. Non-Joinder of Defendants Amekousse Koffi and Wosufia Transportation, LLC

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §§1446(b)(2)(A). Here, the consents of defendants Koffi and Wosufia are not required for several reasons. First, because, upon information and belief, they have not yet been served. *See* the Worcester Superior Court's docket sheet, **Exhibit 2** hereto, which shows no return of service for either Koffi or Wosufia.

Second, as to Koffi, the Complaint alleges he was the truck driver for the corporate defendant Wosufia, but there are no factual allegations or explanation as to why the individual Koffi, Wosufia's driver, could or should be personally liable on the claims alleged against Wosufia, or why Wosufia's corporate identity should be set aside and its employee-driver held personally liable on Ted's claims against that corporation.[4] This is not a tort action for personal injuries arising from a truck accident. The essence of Ted's claims lies in breach of contract.

---

[4] CHR believes the likelihood of Koffi, the truck driver, still residing at his three-year old "last known mailing address," *Complaint*, ¶ 2, and responding to the Complaint is, at best, highly speculative, if not unrealistic.

4

Lastly, as to Wosufia, Ted's alleges, "Wosufia's USDOT, # 2441242 [is] (*sic*) inactive."
*Complaint*, ¶12. Implicit in that allegation is that Wosufia is defunct and no longer an active trucking business. Ted's is correct. Confirming that fact, CHR attaches hereto as **Exhibit 3** a copy of the Federal Motor Carrier Safety Administration's on-line data, as of July 1, 2019, pertaining to Wosufia under "US DOT: 2441242," the same number referenced in the Complaint. This data confirms not only Ted's allegation that Wosufia is not active, but also that it hasn't been active since its insurance was cancelled on October 22, 2016 and that its motor carrier authority was revoked on October 31, 2016—almost three years ago. Clearly, Ted's naming of Wosufia as a defendant in the Civil Action was not for any bona fide purpose. There is no reasonable likelihood or probability Wosufia will ever respond to the Complaint.

Thus, the only real "defendant" in this case is CHR. Hence, the consents of the other named defendants to this removal under §§1446(b)(2)(A) are not required.

**4.    Venue - 28 U.S.C. §1441(a)**.

Pursuant to 28 U.S.C. §§1441(a), Defendant CHR may remove the Civil Action to the district court of the United States for the district in which it is now pending, to wit: The District of Massachusetts, Central Division.

**5.    Other**.  After the filing of this Notice of Removal of the Civil Action with this Court, (i) written notice of the filing of this Notice will be given by the attorney for Defendant CHR to the Plaintiff and all other parties as provided by 28 U.S.C. §§1446(b), (ii) a certified copy of this Notice will be filed with the Clerk of the Worcester Superior Court, Worcester County, Massachusetts, and (iii) certified copies of all pleadings on file in said Worcester Superior Court, will be filed with this Court.

**6.**    Defendant CHR has good and sufficient defenses to Plaintiff's claims in this action.

14449996.1

7.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Defendants C.H. Robinson Worldwide, Inc.  and C.H. Robinson Company, Inc. pray that this action be removed from the Worcester Superior Court, Worcester County, Massachusetts, to the United States District Court for the District of Massachusetts.


C.H. ROBINSON WORLDWIDE, INC. and C.H. ROBINSON COMPANY, INC.
By their attorneys,

July 2, 2019                              */s/ Wesley S. Chused*
                                          Wesley S. Chused (BBO # 083520)
                                          wchused@preti.com
                                          **Preti Flaherty Beliveau & Pachios LLP**
                                          60 State Street, Suite 1100
                                          Boston, MA  02109
                                          (617) 226-3800

6

## <u>CERTIFICATE OF SERVICE</u>

I, certify that this document, filed manually or through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants (see below) on this 2nd day of July 2019.

> Caitlin D. Oliver, Esq.
> Patrick T. Matthews, Esq.
> Coastal Legal Affiliates, P.C.
> P.O. Box 1870
> Fall River, MA  02722
> Caitlin@FailRiverAttorneys.com
>
> AMEKOUSSE KOFFI
> 460 Chastleton Drive
> Hampton, GA  30228
>
> WOSUFIA TRANSPORTATION, LLC
> c/o Amekousse Koffi, Registered Agent
> 950 Herrington Road, Suite 183
> Lawrenceville, GA  30044

> */s/ Wesley S. Chused*_____
> Wesley S. Chused

14449996.1