UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
TED'S OF FAYVILLE, INC.,             )
            Plaintiff,               )       CIVIL ACTION
                                    )       NO. 4:19-40088-TSH
        v.                          )
                                    )
AMEKOUSSE KOFFI, WOSUFIA             )
TRANSPORTATION, LLC, C.H.            )
ROBINSON COMPANY, INC., and C.H.     )
ROBINSON WORLDWIDE,                  )
            Defendants.              )
_____ )

**MEMORANDUM AND ORDER ON C.H. DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (Docket No. 13)**

**April 7, 2020**

**HILLMAN, D.J.**

Ted's of Fayville, Inc. ("Plaintiff") filed this action against, *inter alia*, C.H. Robinson Company, Inc., and C.H. Robinson Worldwide (the "C.H. Defendants"), alleging unjust enrichment, quantum meruit, breach of the covenant of good faith and fair dealing, breach of contract, and violations of M.G.L. c. 93A, § 11. The C.H. Defendants move for summary judgment on Plaintiff's breach of contract claim and move to dismiss all other claims on preemption grounds. (Docket No. 13). For the following reasons, the Court ***denies*** their motion.

**Background**

The C.H. Defendants are transportation brokers who arranged for Wosufia Transportation, LLC ("Wosufia") to transport a shipment of paper across the country on behalf of an unspecified buyer and seller. On July 25, 2016, Amekousse Koffi ("Mr. Koffi"), the principal of Wosufia, got

into an accident in Millbury, Massachusetts, while driving a tractor-trailer carrying this shipment. The accident caused rolls of paper and engine oil from the tractor-trailer to spill onto the road.

Plaintiff received a call from the Massachusetts State Police and responded to the scene. After cleaning up the spills and towing the tractor-trailer and cargo to a storage facility, Plaintiff issued an invoice to the C.H. Defendants for the daily cost of storing the cargo, tractor, and trailer.[1] The C.H. Defendants failed to pay the outstanding balance.[2] Plaintiff filed suit in state court, and the C.H. Defendants removed the case to this Court. The C.H. Defendants now move to dismiss and for summary judgment.

## Discussion

### 1. Motion to Dismiss

The C.H. Defendants contend that the Federal Aviation Administration Authorization Act ("FAAAA") preempts Plaintiff's unjust enrichment, quantum meruit, breach of the covenant of good faith and fair dealing, and violation of M.G.L. c. 93A, § 11 claims. The FAAAA preempts any state law "related to a price, route, or service of any motor carrier . . . [or] broker . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). A state law is "related to" a price, route, or service if it has "a connection with or reference to carrier rates, routes, or services, whether directly or indirectly." *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013) (internal quotation marks omitted). Although this language is intentionally broad, "[t]here is . . . a necessary limit to the scope of FAAAA preemption." *Massachusetts Delivery Ass'n v. Coakley*,

---

[1] Cresco Corporation and Commercial Truck Claims Management have paid the towing and recovery charges, so "[w]hat Ted's now seeks payment from Defendants for is solely related to the accumulated storage on the cargo in question since the date of the accident." (Docket No. 42 at 3; *see also* Docket No. 1-1 at 9). The Court thus need not address whether Plaintiff's claims for towing and recovery fees fall within the nonconsensual towing exception.

[2] These costs continue to accrue, but Plaintiff alleges that the outstanding balance was $223,648.54 as of June 3, 2019.

769 F.3d 11, 18 (1st Cir. 2014). The Supreme Court has cautioned that the FAAAA does not "preempt state laws affecting carrier prices, routes, and services 'in only a "tenuous, remote, or peripheral . . . manner."'" *Dan's City*, 569 U.S. at 261 (quoting *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 371 (2008)).

Here, Plaintiff's claims "relate to" the services of the C.H. Defendants as transportation brokers. The C.H. Defendants are only party to this action because they arranged for the shipment of the cargo being carried by the tractor-trailer involved in the accident, i.e., because they acted as transportation brokers.[3] *See Miller v. C.H. Robinson, Worldwide, Inc.*, 2018 WL 5981840, at *4 (D. Nev. 2018) ("A fair and commonsense construction of the term 'services', whether read broadly or narrowly with regard to a 'broker' reasonably leads to no other conclusion than that a broker must find a reliable carrier to deliver the shipment."). And the imposition of liability under these circumstances has the potential to affect the prices, routes, and services of the C.H. Defendants, if not the entire transportation broker community.[4] *See Coakley*, 769 F.3d at 21

---

[3] *But see Dan's City*, 569 U.S. at 262–63 (finding no preemption where the claims related to the motor carrier's disposal of an individual's vehicle several months after towing it rather than the act of towing itself). One could argue that Plaintiff's claims for storage fees, like the claims of the plaintiff in *Dan's City*, do not "relate to" the services of the C.H. Defendants as a transportation broker and thus are not preempted. But as the Court subsequently declines to find the claims preempted because they do not concern the transportation of property, the Court does not analyze this issue further.

[4] Common law claims vary by state, so the imposition of liability under Massachusetts law may lead to a patchwork system of regulation. *See Rowe*, 552 U.S. at 373 (2008) ("[T]o interpret the federal law to permit these, and similar, state requirements could easily lead to a patchwork of state service-determining laws, rules, and regulations. That state regulatory patchwork is inconsistent with Congress' major legislative effort to leave such decisions, where federally unregulated, to the competitive marketplace."); *see also Coakley*, 769 F.3d at 21 ("We have previously rejected the contention that empirical evidence is necessary to warrant FAAAA preemption, and allowed courts to look[ ] to the logical effect that a particular scheme has on the delivery of services or the setting of rates." (internal quotation marks omitted)).

("Preemption is implicated if the statute has a forbidden significant effect on even one motor carrier.").

The Court's analysis, however, does not end with the determination that a state law is related to a price, route, or service. Even if a state law meets the "related to" test, the Court will only find preemption if the law "also concerns[] a motor carrier's 'transportation of property.'" *Dan's City*, 569 U.S. at 261. As relevant here, Title 49 defines transportation as "services related to th[e] movement [of property], including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. § 13102(23)(B).

Applying this definition, the Court concludes that Plaintiff's claims do not concern the transportation of property. Plaintiff seeks to recover for storage fees that accrued after the accident, when the shipment was no longer in transit to its final destination.[5] Because these claims involve conduct that occurred "subsequent to 'transportation,'" not the transportation of property itself, they do not fall within the scope of FAAAA preemption. *See Dan's City*, 569 U.S. at 262. The Court accordingly ***denies*** the motion to dismiss.

*2. Motion for Summary Judgment*

The C.H. Defendants contend that they are entitled to summary judgment on the breach of contract claim because Plaintiff has failed to offer any evidence establishing the existence of a contract. (Docket No. 15 at 8). Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

---

[5] While the FAAAA includes storage in the definition of transportation, the Supreme Court has clarified that this phrase covers "[t]emporary storage of an item in transit en route to its final destination." *Dan's City*, 569 U.S. at 262. Here, although the paper had not actually been delivered to the final destination, the shipment was no longer in transit to that destination when it was being stored by Plaintiff.

4

the movant is entitled to judgment as a matter of law." An issue is "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it may affect the outcome of the suit. *Id*. When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

The Court declines to decide whether the C.H. Defendants are entitled to judgment as a matter of law at this stage in the proceedings. Although the C.H. Defendants contend that no contract existed because Wosulfia was not acting on their behalf or under their operating license, Plaintiff suggests otherwise. The Court needs a more fulsome development of the factual record to assess whether the parties' dispute is genuine or material.

## **Conclusion**

For the reasons stated above, the C.H. Defendants' motion is ***denied***. (Docket No. 13).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
